IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAWN COULTER and TRACY JOHNSON, each individually and on behalf of all others similarly situated,<br><br>       Plaintiffs<br><br>    v.<br><br><br>VILLA HEALTHCARE MANAGEMENT, INC.,<br><br>       Defendant. | No. 22 C 1970 |

## Order

Plaintiffs' putative collective action under the Fair Labor Standards Act seeks unpaid overtime wages they claim defendant owes them. Plaintiffs allege that the Kronos timekeeping and payroll system that defendant used was affected by a service outage in December of 2021, and that as a result, plaintiffs and other non-exempt employees of healthcare facilities affiliated with defendant failed to receive wages to which they were entitled, including overtime wages.

Villa moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) on the ground that plaintiffs' factual allegations do not plausibly suggest that Villa was their employer. I denied

that motion because I concluded that plaintiffs were entitled to probe the "economic reality" of their relationship with Villa through discovery directed to the factors relevant to that analysis, including whether Villa "(1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records." *Coulter v. Villa Healthcare Mgmt., Inc.*, No. 22 C 1970, 2023 WL 4361226, at *1 (N.D. Ill. July 6, 2023) (citation omitted). Plaintiffs evidently did not conduct such discovery. *See* Order of 05/31/2024, ECF 81, at 4-5 (observing that plaintiffs apparently had not pursued discovery "tailored to what they needed to establish that defendant qualifies as an employer for purposes of their claims."). But whether plaintiffs can ultimately prove that defendant was their employer for FLSA purposes is a merits issue for another day. What concerns me on the motion now before me is whether plaintiffs have made the modest showing required for conditional certification of a collective. I conclude that they have.

The Fair Labor Standards Act gives employees the right to bring their FLSA claims through a "collective action" on behalf of themselves and other "similarly situated" employees. 29 U.S.C. § 216(b) (2006). *Alvarez v. City of Chicago*, 605 F.3d

445, 448 (7th Cir. 2010). The Seventh Circuit has not articulated a standard for certifying a collective action under the FLSA and has emphasized that district courts have "wide discretion" in managing these suits. *Id.* Courts in this district use a two-step process to determine whether an FLSA suit should proceed as a collective action. *Dennis v. Greatland Home Health Servs., Inc.*, 438 F. Supp. 3d 898, 899 (N.D. Ill. 2020). The first step requires only a "modest factual showing sufficient to demonstrate" that plaintiffs and potential opt-ins "were victims of a common policy or plan that violated the law." *Flores v. Lifeway Foods, Inc.*, 289 F. Supp. 2d 1042, 1045 (N.D. Ill. 2003) (citation omitted) (internal quotation marks omitted).

Defendant's primary arguments are essentially merits-based: that plaintiffs have not pointed to evidence that *anyone* worked more than forty hours a week during the relevant periods without receiving overtime pay, nor have they offered evidence to suggest that *defendant* could be liable for the violations alleged. But plaintiffs point to pay records that facially appear to show that Ms. Coulter worked overtime during the Kronos outage. As for whether defendant can be held liable, that question depends on evidence and arguments not presently before me.

For now, it is enough that plaintiffs have come forward, as they have, with evidence suggesting that in the wake of the

Kronos outage, their wages would be calculated and paid pursuant to a centralized and standardized process developed by "HR Shared Services." Indeed, plaintiffs point to an email blast from "Villa Healthcare," in which Villa's CEO, Mark Berger, assures "Valued Villa Team Member[s]" that Villa's "consulting leadership in Lincolnwood" has worked tirelessly to meet the challenge of "having to pay thousands of employees without time clocks or a payroll system" and ensure that "every one of our employees is made whole." Other emails similarly suggest that regardless of which entity formally employed plaintiffs and potential opt-ins, the manner in which their wages were calculated and paid for the period of the Kronos outage was developed and executed by Villa's "Shared Services."

I agree with defendant, however, that plaintiffs' proposed collective is inappropriate. Plaintiffs propose the following definition:

> All persons employed by, or working on behalf of, Villa Healthcare Management, Inc. who were classified as non-exempt and who worked in the United States for at least 40 hours in one or more workweeks at any time during Villa's Kronos service outage, beginning on or about December 11, 2021, until the time that Villa regained full access to all Kronos products and services, and resumed normal employee timekeeping and payment operations.

Defendant objects to the language "employed by, or working on behalf of," given the uncontroverted evidence that the

named defendant, "Villa Healthcare Management, Inc." had no employees. At a minimum, the language is confusing and seemingly indeterminate, absent any concrete parameters for the phrase "on behalf of." Instead, the following collective is conditionally certified:

> All persons employed by the entities identified in Exhibit A[1] who were classified as non-exempt and who worked in the United States for at least 40 hours in one or more workweeks at any time during Villa's Kronos service outage, beginning on or about December 11, 2021, until the time that Villa regained full access to all Kronos products and services, and resumed normal employee timekeeping and payment operations.

Given these changes to the collective, notice should not be directed to "CURRENT AND FORMER VILLA HEALTHCARE MANAGEMENT, INC. WORKERS," but to "Current and former workers at healthcare facilities affiliated with Villa Healthcare Management," and it must identify the entities in Exhibit A as such entities. All other references in the notice to "work[ing] for" Villa must likewise be revised to reflect this change. Defendant's remaining objections to the proposed form and method of notice are without merit.

For the foregoing reasons, plaintiffs' motion for conditional certification is granted as set forth above. Plaintiffs' request for approval of notice is denied without

---

[1] This list should match the entities identified in ¶ 30 of the Second Amended Complaint.

5

prejudice. Plaintiffs are directed to file an amended form of notice consistent with this decision by July 19, 2024.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: July 9, 2024